1. A. NAJJAR;
2. N. OLVera;
3. J.S Roberts;
4. FNU Hoghley;
  NEW defendants;

5. Captain garmen;
6. Sgt. CRawford;
7. Sgt. grant;
8. Sgt. nesbitt;
9. Sgt. T. kräile Prop. Room;
10. Sgt. tabil;
11. Officer allen;
12. Mental health; Gilman
13. Doc Charlotte Corrections institute, tablets;
14. Captain frost;
15. Lt. RUR;
16. property sgt. Gerack;
17. Lt Z. Ditoro;
18. Charlotte Correctional inst. Medical, G. Durand

PROVIDED TO CHARLOTTE CORRECTIONAL INSTITUTION ON 8/1/22 FOR MAILING BY

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the
_Middle_ District of _Florida_

_fort myers_ Division

|  |  |  |
|---|---|---|
| Jeffry Lagrandeur | ) | Case No. _2:22-CV-472-SPC-KCD_ |
|  | ) | _(to be filled in by the Clerk's Office)_ |
| Plaintiff(s) | ) |  |
| _(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | ) | |
| -v- | ) | |
|  | ) | |
| (See attached) | ) | |
| Defendant(s) | ) | |
| _(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)_ | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Jeffrey Lagrandeur |
| All other names by which you have been known: | Jeffrey Lagrandeur |
| ID Number | M76235 |
| Current Institution | Charlotte correctional institute |
| Address | PO Box 23608 |
| | Tampa              FL        33623 |
| | *City*            *State*        *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | A. Najjar. |
| Job or Title *(if known)* | Correction officer |
| Shield Number | |
| Employer | Department of corrections |
| Address | 33123 oil well Road |
| | Punta gorda        FL        33955 |
| | *City*            *State*        *Zip Code* |

☐ Individual capacity    ☑ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | N. Olvera |
| Job or Title *(if known)* | Sgt corrections |
| Shield Number | |
| Employer | Department of corrections |
| Address | 33123 oil well Road |
| | Punta gorda        FL        33955 |
| | *City*            *State*        *Zip Code* |

☐ Individual capacity    ☑ Official capacity

Defendant NO. 5
Name: Captain garmen
Job title: Captain
Shield number:
employer: Department of corrections
Address: 33123 oil well Road
            Punta gorda FL 33955
☑ individual Capacity   ☐ official capacity

Defendant No. 6
Name: Crawford
Job title: Sgt.
Shield number:
employer: Department of Corrections
Address: 33123 oil well Road
            Punta gorda FL 33955
☑ individual capacity   ☐ official Capacity

Defendant No. 7
name: grant
Job title: Sgt.
Shield number:
employer: Department of corrections
Address: 33123 oil well Road
            Punta gorda FL 33955
☑ individual capacity   ☐ official capacity

Defendant NO. 8
Name: nes bitt
Jobtitle: Sgt
Shield number:
employer: Department of corrections
Address: 33123 oil well Road
            Punta gorga FL 33955
        ☑ individual capacity ☐ official capacity

Defendant No. 9

Name: T. Kralle

Jobtitle: Sgt Property Room

Shield number:

employer: Department of corrections

Address: 33123 oil well Road
            Punta gorda FL 33955

☑ individual capacity   ☐ official capacity

Defendant No. 10

Name: Tabil

Jobtitle: Sgt

Shield number:

employer: Department of corrections

Address: 33123 oil well Road
            Punta gorda FL 33955

☐ individual Capacity   ☑ official Capacity              .

Defendant No. 11

Name: Allen

Jobtitle: correction officer

Shield number:

employer: Department of corrections

Address: 33123 oil well Road
            Punta gorda FL 33955

☐ individual capacity   ☑ official Capacity

Defendant No. 12

Name: Doc mental health Gilman

Jobtitle:

Shield number:

employer: Department of corrections

Address: 33123 oil well Road Punta gorda FL 33955   ☑ individual Capacity   ☐ official capacity

Name: Doc charlotte correctional institute tablets

Jobtitle:

Shield number:

employer: Department of Corrections

Address: 33123 oil well Road

Punta gorda FL 33955

☒ individual capacity   ☐ official capacity


Defendant No. 14

Name: frost

Job title: Captain

Sheild number:

employer: Department of Corrections

Address: 33123 oil well Road

Punta gorda FL 33955

☐ individual capacity   ☒ official Capacity


Defendant NO. 15

Name: L.t RUA

Job title: Lieutenant

Shield number:

employer: Department of corrections

Address: 33123 oil well Road

Punta gorda, FL 33955

☐ individual capacity   ☒ official Capacity


Defendant No. 16

Name: Sgt. Gerack

Jobtitle: Property

Shield number:

employer: Department of Corrections

Address: 33123 oil well Road

Punta gorda, FL 33955

☒ individual capacity   ☐ official Capacity

Defendants NO. 17

Name: L. Ditoro

Jobtitle: Lieutenant

Shild number:

employer: Department of Corrections

Address: 33123 oil well Road

  Punta gorda, FL 33955

☐ individual capacity  ☑ official capacity

Defendants NO. 18

Name: Medical, G. Durand

Job title: An, SHS

Shield number:

employer: charlotte correctional inst.

Address: 33123 oil well Road

  Punta gorda, FL 33955

☑ individual capacity  ☐ official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

Name     J. S Roberts

Job or Title *(if known)*     Sgt Correction officer

Shield Number

Employer     Department of Corrections

Address     33123 Oil well Road

    Punta gorda     FL     33955
      *City*       *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

**Defendant No. 4**

Name     FNU Hughley

Job or Title *(if known)*     Lieutenant correction officer

Shield Number

Employer     Department of corrections

Address     33123 oil well Road

    Punta gorda     FL     33955
      *City*       *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

*(see attached)*

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Amendment; 1, 4, 5, 8, 13, 14

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. (Defendants)

(Added Defendants: Z. Ditoro, Sgt. Gerack, Lt Rua, Captain frost, Doc charlotte Correctional inst.)
medical G. Durand;

Defendant A. Najjar, N. Olvera, J.S roberts, Fnu Hughley, Capt. garmen, Sgt. Crawford, Sgt grant, Sgt. nesbitt, Sgt. T. kralle, Sgt. tabil, officer Allen, all is employed at Charlotte correctional inst, as a correctional officer of all ranks located at 33123 oil well Road Punta gorda, FL 33955. All defendants is being sued. this action arises under and is brought pursuant to 42 U.S.C Section 1983 to remedy the deprivation under the color of State law, or rights guaranteed by the 8th and 14th amendments to the United States Constitution (28 U.S.C 1331). Department of corrections charlotte Correctional institute.

Menta health; in order for plaintiff to prevail in an eighth amendment challenge to prison medical care he must show three things. these are: (A) Plaintiff has a serious medical need; (B) defendant Showed "Deliberate indifference" to plaintiff's Serious medical need; (C) defendant deliberate indifference Caused plaintiff's injury (see estelle v. gamble, 429 U.S. 97 (1976). the eleventh Circuit describes a Serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctors attention (see Hill v. dekalbreg' 1 youth Det. Ctr, 40 F. 3d 1176, 1187 (11th Cir. 1994). to prove "deliberate indifference" plaintiff must show: (1) defendants knew about his serious medical need; (2) defendants failed to respond reasonably to it (see estelle, 429 U.S at 104).

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."
42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color
of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of
federal law.  Attach additional pages if needed.

*All individuals and/or official defendants named above acted under color of law and within the
course and scope of their employment. (See attached)*

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☑   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite
any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

*Charlotte correctional institute; close management*

Page 4 of 11

Statement of Claim D.

(Previous Case No. 2:21-cv-566-JLB-NPM. Doc 6 contain All previous exhibits, medical records, mental health records, and disciplinary reports as well as additional information regarding the use of force at issue in this case.)

Defendants for first Claim: A. Najjar, N. Olvera, J.S Roberts, FNU Hughley.

on 7-1-21 at approximately 4:30 pm while Serving Chow or dinner officer A. Najjar and N. Olvera took my canteen and ate it while leaving after Shift changed. before they left we started arguing and Defendant A. Najjar and N. Olvera was making fun of me and my ancesters Stating "go pick some cotton in the cotton field." on 7-5-21. when those two Defendants came back to work, I questioned them about my chips and another argument arose, Lt Hughley was Called, no mental health was present at all and I was Sprayed. at that time my depression and Anxiety was really high and requested a mental emergency. dealing with Covid-19, Depression, Anxiety, I have trouble breathing especially when I have panic attacks etc. then I was placed on property ristriction and food management (72 hours) where they give you a Square brick which called a loaf to eat. property ristriction and management meals is violating my Constitutional rights followed by the rights of mental health. Also, it is a freedom of Speech and all this happened because I was in the right. (J.S Roberts was the one who called Lt Hughley and was the one who wrote the Discipline report and got me cleared).

Defendants for Second Claim: Sgt. tabil, officer allen.

on 3-23-22 at approximately 9:30 am, Sgt. tabil told me to Cuff up due to his false Accusation. during expection, captin hershey (was captain at the time) told me that I would not be going on property ristriction base on my room being Class A. Captain Stated 'let me look in your room'; he then Stated "your room is class A" and you wont be going on ristriction, was the words Captain hershey told me. I ended up following Captain orders and Cuffed up. I was placed in the Showers, one officer which was Allen Searching my room. Sgt. tabil then pushed all of my property out of the room and told me I am going on property ristriction due to a knife that was not in my cell, he planted that knife. once I Seen that knife I then Refused to come out the Showers and I was Sprayed with handcuffs on. the person who commanded Sgt. Crawford to Spray me was Lieutenant ditoro. I was also placed on property ristriction for 5 days where I dont have any property nor state property.

Defendants for third Claim: Sgt. grant.

on 5/3/22 at approximately 10:00 to 11:00 Am, Sgt. grant was doing his rounds when he noticed I had a sheet in my room. he advised me to give him the Sheet which I did. I responded to Sgt. grant and told him "you is worrying about a sheet how about you do your job a let me use the phone because I didnot use it for this month," he Stated I am not using the phone then I said I would be writing him up, he then told me to Cuff up. I was placed in the shower and all of my property was taken. all of my personal property was thrown into the cell next to my original cell. then they placed me in that cell with my personal property, nothin else. I declared a mental emergency. it has been a whole hour passed and Sgt. grant was present in the dorm while my declaration for mental heAlth. So instead of Sgt. grant callin mental health, I was Sprayed without a final warning, without Seeing mental health. I was placed on loaf diet. Some of my property was confiscated, my white RC Shoes, I didnot get them back.

Defendants for fourth Claim: Sgt. T. kralle.  (11-18-21) to (11-20-21)

on July 29, 2021, plaintiff filed a complaint on property Sgt. Hall due to me not receiving my property, later on that month my property were retrieved and I dismissed the Case. Sometime in November December, I was Sprayed and moved to a dry cell for 72 hours. By the time I got to my destination my property that was given back to me, was taken for the second time and I didnt see any of my property (see property List). I am refiling a complaint on Sgt. T kralle.

(Statement of Claim, D.)2

Defendants for fifth claim: Doc. Mental health.

When I got incarcerated, I was diagnosis with depression, a sleeping disorder. I was prescribed a Sleeping medication called rimron while my stay in dade county jail. by the time I got to prison, sometime in may, 2019, I seen mental health and mental health told me they dont prescribe rimron and they will replace the rimron with another medication which was visterol. Visterol is for Anxiety and Anxiety was not my issue, Sleeping was. So not me knowing what I was taking. Ive been taken this Visterol Sence 2019 to 2022. not knowing I am taking the wrong medication, Anxiety plays a big role in my life now, which was never an issue before I started that medication. I was told by doctors/mental health that visterol will help me sleep, not damage my Anxiety rate. on approx imately feb 2022, Mental health stopped giving me Visterol and not tell me why they stopped giving that medication, I was not placed on a Alternative either. now I be having panic attacks nightly, Cant breathe at night or when im upset, I wake up with cold sweats often, all because this medication I thought was helping me sleep, was really effecting me, mental health should be held accountable for this and also, my heart beat is not the same, it beats rapidly and causes me to panic, almost like a heart attack.

Defendants for Sixth Claim: Sgt. Gerack. Property.

on 5-3-22, my property was taken away from me I waited 20 days and filed a grievance on 5-22-22, it was denied. I then Sent it to tallahasse and it was returned also because S.milliken Stated, I did not provide this office with a copy of the formal grievanc filed at the institutional level. I filed an informal, not A formal because, once I got off property ristriction my property Suppose to follow and I didnot have to request for my property in the first place. On 7-10-22, I filed a formal to property Sgt. Gerack about my Shoes She Stated; you cannot write an Inmate request after submitting a grievance about the issue. I really dont under-stand why I got to go threw this for my personal property.

Defendants for Seventh Claim: Captain garmen, Sgt. nesbitt, Sgt. Crawford.

on 7-7-22 at Approximately 9:30 to 11:00 pm, me and another inmate was arguing. Lt. hershey was doing his Checks and I was cleared for gas. Captain garme, Sgt. Craw ford, Sgt.nesbitt was present and I was told to cuff up which I did. I was placed in the Shower, All of my property was taken away state property and personal property. I was placed back in my room and no property receipt was given to me. Next Shift Came at 12:30 or so, I told Sgt. what transpired and he gave me my property back. I noticed I was missing 10 magazines which I paid 40 dollars a piece, and half of my legal mail were missing. in total cost 495 in total 495. Captain garmen, Sgt. nesbitt, Sgt. Crawford are in violation also for placing me on property ristriction for 72 hours.

Defendants for eighth Claim: Z.ditoro, Captain frost.

on June 29, 2022 at approximately 12:00 pm, Captain frost was doing his rounds. Captain noticed I did not have on any blues due to me having issues with Laundry Sgt. Captain stated "where are your blues". I then Stated, "I dont have any". Captain frost then Stated, "I am tired of your BS and told me to Cuff up, which I denied officer flannigan is a witness because this is his shift, he asked me before captain frost did his rounds, do I have any blues which I told him I did not. I was sprayed and placed on property ristriction from June 29, to July 7, when that other Claim with Captain garmen, Sgt. Crawford, Sgt nesbitt, I only had a mat for them to take. So from June 29,2022 to July 7, 2022 to July 12, 2022, is when I got my property back 13 days in total I was on property ristriction.

Defendants for ninth Claim; Lieutenant Rua;

on 7-11-22 I Plaintiff filed a grievance on Lt. hershey, Captain garmen, Sgt. Nesbitt, Sgt. Crawford for violating my rights. on 7-11-22 Plaintiff grievance was received by Lt. Rua. Plaintiff grievance was returned without action and I noticed the first part of my grievance was not attached and was not evaluated. on my grievance, I placed number one 1 real big on top of my first grievance, and the second grievance I placed a number two 2 on top of the second page that was evaluated. Lt. Rua did not take the time to notice that Someone or Lt. Rua threw away the first part of my grievance. She did not evaluated or envestigate what happened to the first page of my grievance so that put Lt. Rua in violation also.

Defendants for tenth Claim; Doc Charlotte Correctional Institute, tablets;

Plaintiff have been filing grievances after grievances base on Cm1, Cm2 inmates having their tablets. inmates on Cm1, Cm2 are not receiving their tablets nor jpay mail, nor using the kiosk at all. weve been notarized by the rules that, All Cm1, Cm2, Cm3, General population, mental health unit correctional treatment facilities, will have access to Kiosk and tablets approvment, at Charlotte correctional institute we are not receiving jpay mail on Cm1, Cm2, and we are not allowed to get on the Kiosk or have our tablets. Our family would write us on jpay, we would get the printed jpay mail sometimes, not all the time, but have no way to reply because this facility are not allowing inmates on Cm1 or Cm2 to have their tablets; we have no way to reach our families thats on jpay to send us money. On 6-19-22 a inmate passes away in a cell next to my cell, my cell is #2107, the inmate dies in #2109, he passed away due to heart failore. we dont really know other reasons the guy had but Plaintiff wittnessed that inmate have issues for 10 days straight. Something was going on with this dude and I believe, if we had some type of access or contact with our families or tablets, we would get a better result on how officers treat inmates back here and I believe that, that inmate tried to speak to someone before he died; he asked me to lend him 4 sheets of paper to write his family, dont know if that letter ever went out. those tablets are inmates Lifelines, I, Plaintiff payed 150 dollars for my tablet and I cont use what I paid for, People are losing their Lives and noone is taking heed to our Complints, Doc is in violation Also.

Defendants for eleventh Claim; medical G. Durand;

Plaintiff is filing a Complaint on medical. G. Durand for denying my request on may 10, 22, for an inhailer.

I have requested medical to prescribe me an inhailer due to me having respitory issues, dealing with Covid-19, Anxiety, my request was not suppose to get denied. I tested positive for Covid-19, I have trouble breathing a lot, Anxiety causes me when I get depressed to breathe rapidly and sometimes be hard to calm down and, Anxiety is the most common for covid-19.

VI. Relief

A. Compensatory damages in the amount of 50,000 against each defendant jointly and severally.

B. Plaintiff Lagrandeur seeks Compensatory damages in the amount of 200,000 against Charlotte medical, G. Durand; mental Health.

C. Punitive damages in the amount of 100,000 against each defendant Sued individually or Jointly, attorney fees pursuant to 42 U.S.C. 1988 and cost of litigation.

D. A trial by Jury on all issues so triable Such other relief as Justice may require.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

*ON 7-10-21 at approximately 4:30ᴾᴹ on 3-23-22 at approximately 9:30 AM, on 5,3,22 at approximately 10:00 to 11:00 AM, (See attached).*

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*(See attached)*

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*Plaintiff sustained night sweats, panic attacks nightly, Depression encreased, Skinburn, Anxiety attacks. Suiside thoughts, homicide thoughts, psychological trauma, mental Anguish, nightmares of the assault.*

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*(See attached)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Charlotte Correctional institute, ~~Suwanee correctional facility~~_

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

_excessive use of force, Mental health, Amendment 8. (Mental health and medical are pending)._

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

_Charlotte Correctional institute._

2.    What did you claim in your grievance?

_Claimed that Plaintiff constitutional rights have been violated. (see DR reports)_

3.    What was the result, if any?

_first grievance was approved, the rest was denied or returned._

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_my first complaint were approved, the other complaints were returned or denied by the highest level of the grievance process; I went threw the whole intire steps of appeal process. (mental health, medical are pending)._

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

   1.  If there are any reasons why you did not file a grievance, state them here:

   _____I did._____

   2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____I filed grievances._____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   (grievance for captain garmen, sgt. nesbitt, sgt. Crawford still pending)(grievance for Lt Z.ditore, Capt. frost still pending)
   All grievances that Plaintiff filed besides one, were returned without action By S.Milliken
   (Note. You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.     If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)    _Jeffrey Lagrandeur_
     Defendant(s)    _A. Nassar, N. Oluera, J.S. Roberts, Fnu Hughley_

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     _Middle district of florida, fort myers division._

3.   Docket or index number
     _2:21-CV-564-JLB-NPM_

4.   Name of Judge assigned to your case
     _Nicholas P. Mizell_

5.   Approximate date of filing lawsuit
     _July 29, 2021_

6.   Is the case still pending?

     ☐ Yes

     ☑ No

     If no, give the approximate date of disposition.   _dismissing without prejudice on 12-6-2021_

7.   What was the result of the case?  *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

     _dismissed without prejudice because charlotte C.I didnot send out my checks._
     _Case was not appealed._

C.     Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition    _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Page 10 of 11

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        7-28-22

Signature of Plaintiff

Printed Name of Plaintiff        Jeffrey Lagrandeur

Prison Identification #        M76235

Prison Address        33123 oil well Road

        Punta gorda          FL          33955
        City        State        Zip Code

### B. For Attorneys

Date of signing:        _____

Signature of Attorney        _____

Printed Name of Attorney        _____

Bar Number        _____

Name of Law Firm        _____

Address        _____

        _____
        City        State        Zip Code

Telephone Number        _____

E-mail Address        _____